## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Allied Telecom Group, LLC        :
1400 Crystal Dr #700          :
Arlington, VA 22202           :
                                 :
      Plaintiff             :
                                 :
v.                                   :     Case No.:_____
                                 :
District of Columbia           :
      SERVE:  Mayor Muriel Bowser    :
               John A. Wilson Building  :
               1350 Pennsylvania Avenue, NW:
               Washington, DC 20004     :
                                 :
      SERVE:  Karl Racine             :
               Attorney General for the    :
               District of Columbia       :
               Office of the Attorney General  :
               400 6th Street, NW        :
               Washington, D.C. 20001    :
                                 :
      Defendants           :

### COMPLAINT FOR INJUNCTION AND DECLARATORY RELIEF

For its complaint in this matter, Plaintiff Allied Telecom Group, LLC ("Allied") alleges as follows against Defendant District of Columbia acting through the District of Columbia Public Schools and Dr. Lewis D. Ferebee, Chancellor (collectively, "DCPS"):

### Introduction

1.     This case concerns the important question of whether the DCPS may use a District of Columbia law to evade the requirements of Federal law and, in doing so, misuse Federal funds paid out under the United States' Federal Communications Commission's E-rate program and used to subsidize telecommunications services purchased by schools. Plaintiff Allied is a commercial entity which has been directly injured by DCPS' actions. Allied seeks a

declaratory judgment that federal law preempts the D.C. law on which DCPS relies to avoid the Federal law mandates; and (2) an order permanently enjoining DCPS from continuing to use the D.C. law to avoid federal mandates.

## Parties, Venue, and Jurisdiction

2.      Plaintiff is a Virginia limited liability company, with its principal place of business in Arlington, Virginia.

3.      The District of Columbia is a body corporate which has all the powers of a municipal corporation not inconsistent with law.  It is being sued because of the actions of its subordinate agency, the District of Columbia Public Schools (DCPS).  DCPS is a District of Columbia agency, subordinate to the Mayor of the District of Columbia, within the executive branch of the District of Columbia government.  DCPS is administered by its Chancellor, whose duties include the powers necessary and appropriate to operate the schools and school system and to implement applicable provisions of District and federal law.

4.      Jurisdiction here is proper under 28 U.S.C. § 1331.

5.      Venue is proper here under 28 U.S.C. § 1391.

## Background

6.      Allied provides wide area network and internet services to commercial and government clients. In the past, it has proposed on and sought to provide these services to DCPS. Prior to 2015, it indeed provided these services to DCPS.

7.      Beginning in 2015, however, DCPS has prevented Allied from providing these services by applying District of Columbia law in a manner which is designed to and does in fact directly conflict with federal law.

8.      In this regard, DCPS uses Federal funds to obtain discounts for the wide area network and internet services.  DCPS has obtained these Federal funds using the Federal Communications Commission ("FCC") program known as E-rate.  Under the E-rate program, the FCC is charged with providing discounts to state communications networks for telecommunications services sought by eligible schools and libraries.  It provides these discounts by subsidizing the cost of the telecommunications services provided by service providers to the schools and libraries.

9.      The FCC designates the Universal Service Administrative Company ("USAC") to administer the E-rate program.

10.     Under Federal law, in order to obtain the discounts administered by USAC to pass on to schools and libraries, the state telecommunications networks must "comply with the competitive bid requirements set forth in [47 C.F.R.] § 54.503."  47 C.F.R. § 54.519.

11.     To comply with 47 C.F.R. § 54.503, "all entities participating in the schools and libraries universal service support program must conduct a fair and open competitive bidding process, consistent with all requirements set forth in this subpart."  47 C.F.R. § 54.503.  This regulation further provides that "the following is an illustrative list of activities or behaviors that would not result in a fair and open competitive bidding process: the applicant for supported services has a relationship with a service provider that would unfairly influence the outcome of a competition or would furnish the service provider with inside information;…."  *Id*.  Further under this regulation, "all bids submitted to a school, library, or consortium seeking eligible services" must be "carefully considered and the most cost-effective bid … selected in accordance with §54.503 of this subpart, with price being the primary factor considered, and it is the most cost-effective means of meeting educational needs and technology goals."  *Id*.  One reason that

price must be the primary factor considered, is because the Federal subsidy is based, in part, on the pre- discount price.  47 C.F.R. § 54.505.  If the pre-discount price is higher than otherwise obtainable elsewhere, the Federal subsidies would be higher than necessary and the schools and libraries would be misusing Federal funds.

12.     DCPS decided several years ago to not contract for the E-rate telecommunications services from a commercial vendor such as Allied.  Instead, DCPS determined to obtain these services from the District of Columbia Office of the Chief Technology Officer ("OCTO"), a District of Columbia agency within the Executive Branch of the District of Columbia Government, through its DC-Net program. OCTO provides these services to DCPS at a price in excess of the price which Allied has offered to perform these services. Indeed, in the most recent contracting cycle, Allied offered to perform the services at a price significantly lower that the price OCTO is providing the services, but DCPS refused to allow Allied to perform the services.

13.     In obtaining the Federal funds to subsidize OCTO, DCPS has violated Federal law regulating the use of these funds.  Specifically, DCPS purchases the wide area network and internet services from OCTO, effectively taking the Federal subsidies and paying them to its sister DC agency, which is then paid more than Allied would be paid.  To effectuate this purchase, DCPS avoids competitive bidding by using a Memorandum of Understanding with OCTO, and DCPS justifies this purchase under DC. Code Ann. § 1-301.01(k).  That section of the D.C. Code provides that "the Mayor may authorize the heads of District departments, offices, and agencies to place orders with any other department, office, or agency of the District for materials, supplies, equipment, work, or services of any kind that the requisitioned department, office, or agency may be in a position to supply or equipped to render" provided that "the department, office, or agency placing any such orders shall either advance, subject to proper

adjustment on the basis of actual cost, or reimburse, such department, office or agency the actual cost of materials, supplies, or equipment furnished or work or services performed as determined by such department, office, or agency as may be requisitioned." D.C. Code Ann. § 1-301.01(k).

16.    DC's invocation of D.C. Code Ann. § 1-301.01(k) to justify a non-competitive, higher priced, award of work to OCTO rather than awarding the work on a competitive basis to a lower commercial service provider offeror such as Allied is improper under the FCC rules.  The Supremacy Clause of the U.S. Constitution dictates that "the Laws of the United States ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution of Laws of any State to the Contrary notwithstanding."  U.S. CONST., art. VI, cl. 2.

17.    For purposes of the Supremacy Clause, the District of Columbia is treated as a state.

18.    Under the Supremacy clause, federal statutes and regulations preempt state law when the federal statutes or regulations conflict with state law, as applied by the state.

19.    In this case, Federal law which requires an award of the wide area network and internet services on a competitive, primarily lowest price, basis, precludes the award of a contract for the services to OCTO, which is not the lowest price and moreover has a relationship with DCPS that unfairly influences the outcome of any competition and furnished OCTO with inside information.

### COUNT I
### (Declaratory Judgment)

20.    Plaintiff incorporates the foregoing allegations.

21.    Congress' purpose in enacting the USAC program was to subsidize the costs of wide area network and internet services to, among others, schools and libraries.  In doing so, the

FCC has made clear that the services must be provided by the lowest cost provider which competes fairly for a contract, and cannot be awarded to a sister agency of the school district receiving the subsidies at a higher price than what would be available from a commercial competitor.

22.    D.C. Code Ann. § 1-301.01(k), to the extent it is a basis for an award to OCTO under the E-rate program, conflicts with the Federal laws regulating the E-rate program.

23.    D.C. Code Ann. § 1-301.01(k) is preempted by the Federal laws regulating the E-rate program.

24.    An actual and justiciable controversy presently exists concerning, among other issues, the legality and enforceability of D.C. Code Ann. § 1-301.01(k) as a basis to award a contract to OCTO under the E-rate program.

25.    A declaration as to the legality and enforceability of D.C. Code Ann. § 1-301.01(k) as a basis to award a contract to OCTO under the E-rate program. would terminate the uncertainty giving rise to this proceeding.

26.    Therefore, Allied is entitled to a judicial determination pursuant to 28 U.S.C. § 2201 et seq., and F.R.C.P. 57 that federal law preempts D.C. Code Ann. § 1-301.01(k)'s use under the E-rate program, and DCPS has no power to enter into a contract with OCTO using E-rate funds.

**COUNT II**
**(Injunction)**

27.    Plaintiff incorporates the foregoing allegations.

28.    Federal law preempts DCPS's use of D.C. Code Ann. § 1-301.01(k) to award an E- rate subsidized contract to OCTO.

29.     Allied has demanded that DCPS withdraw the OCTO award and award a contract consistent with Federal law.  DCPS has refused.

30.     Allied is irreparably damaged by DCPS' refusal to comply with Federal law because Allied has lost the ability to win and perform these telecommunications services contracts.

31.     An injunction is necessary to prevent DCPS from continuing to violate Federal law.

## PRAYER FOR RELIEF

WHEREFORE, Allied respectfully requests that the Court issue:

a.      A declaratory judgment that federal law preempts D.C. Code Ann. § 1-301.01(k) as it applies to contracts awarded under the E-rate program, and DCPS has no power to continue to contract with OCTO under the E-rate program;

b.      An order preliminarily and permanently enjoining DCPS from using D.C. Code Ann. § 1-301.01(k) as a basis for an award to OCTO under the E-rate program, or continuing to contract with OCTO under the E-rate program, and further, requiring DCPS to terminate its current contract with OCTO under the E-rate program; and

c.      An order granting such other and further relief as may be provided by law or as the Court may deem equitable.

Respectfully submitted,

/s/ Edward J. Tolchin
Edward J. Tolchin #297556
Offit Kurman, P.A.
7501 Wisconsin Avenue, Suite 1000W
 Bethesda, MD 20814
(240) 507-1769; (204) 507-1735 (fax)
etolchin@offitkurman.com
*Attorneys for Plaintiff*

4886-5068-0082, v. 1